SCHOOL COMMITTEE OF PEABODY *vs.* PEABODY FEDERATION OF TEACHERS, LOCAL 1289, AFT, AFL-CIO. No. 98-P-2207. June 1, 2001. *School and School Committee*, Transfer of employees, Collective bargaining, Arbitration, Superintendent of schools, School principal. *Education Reform Act. Arbitration*, School committee, Authority of arbitrator.

After the superintendent of schools, acting for the Peabody School Commit-

tee (committee), rejected the requests of three teachers for transfer to vacancies in other Peabody schools, the Peabody Federation of Teachers, Local 1289, AFT, AFL-CIO (union), brought separate grievances pursuant to the governing collective bargaining agreement between the committee and the union. Three arbitrators independently heard the grievances and effectively ordered the committee to transfer the teachers to the requested positions, ruling in each case that the failure to transfer was not based upon just cause and, therefore, was a substantive violation of the terms of the collective bargaining agreement. The committee brought three Superior Court actions, pursuant to G. L. c. 150C, § 11, ultimately consolidated, to vacate the arbitration awards. Acting on the parties' cross motions for summary judgment, the judge allowed that of the committee and ordered the awards vacated, essentially concluding that the grievances were not arbitrable under the Educational Reform Act of 1993 (ERA).[1] The union's appeal is before us.

The union, addressing an issue which the arbitrators expressly left to the courts, argues that the transfer provisions of the collective bargaining agreement are valid and do not conflict with the ERA. Those provisions establish a seniority based procedural mechanism for voluntary and involuntary transfers of teachers in which managerial authority to approve or recommend the transfers is exclusively reposed in the superintendent of schools.[2]

The committee, relying on this court's decision in *School Comm. of Lowell* v. *Local 159, Serv. Employees Intl. Union*, 42 Mass. App. Ct. 690 (1997), claims that the rulings of the arbitrators encroach upon the exclusive managerial powers of the principals of the schools to which transfers were requested and the superintendent. In that case, a school committee, acting under a collective bargaining agreement which provided that transfer applications were subject to its approval, rejected the transfer application of a school custodian. This court concluded that § 59B "embraces transfers as well as new hires" and that "the provision of the parties' collective bargaining agreement which

[1]Statute 1993, c. 71, § 53, amending G. L. c. 71, § 59B, and effective on June 18, 1993, provides in pertinent part: "Principals employed under this section shall be the educational administrators and managers of their schools and shall supervise the operation and management of their schools and school property, subject to the supervision and direction of the superintendent. Principals employed under this section shall be responsible, consistent with district personnel policies and budgetary restrictions and subject to the approval of the superintendent, for hiring all teachers, instructional or administrative aides, and other personnel assigned to the school, and for terminating all such personnel, subject to review and prior approval by the superintendent and subject to the provisions of this chapter."

[2]With respect to teachers who request a voluntary transfer within the same area of certification, the collective bargaining agreement states the superintendent "shall approve [the] transfer of the more senior employee except for just cause." In the case of transfers of volunteers between areas of certification, alternative criteria are established, one of which permits a transfer upon the "recommendation of the [s]uperintendent." Transfers of teachers possessing pre-1951 certifications require that one of the enumerated criteria be met "in combination with the recommendation of the [s]uperintendent." Vacancies occurring after the commencement of the school year are filled by the school committee. Requests for transfer to fill such vacated positions for the following September are left to the "exclusive judgment of the [s]uperintendent." Involuntary transfers are controlled by reverse seniority, i.e., "the least senior employee shall be transferred."

vests the ultimate approval of the selection of a custodian to fill a vacancy in the school committee is in conflict with . . . the Education Reform Act." *Id.* at 692. Consequently, we held that an arbitrator's ruling that directed the school committee to award the job to the custodian was "a result contrary to § 59B" and ordered it vacated as beyond the arbitrator's power. *Id.* at 693.

We are not persuaded, as argued by the union, that we should reconsider this court's conclusion in *School Comm. of Lowell* v. *Local 159, Serv. Employees Intl. Union, supra,* that the ERA applies to transfers. If that interpretation of § 59B was not intended by the Legislature, it has had opportunity over the past four years to enact a curative amendment.

Further relying on that decision, we conclude that the provisions of the parties' collective bargaining agreement that make transfers subject solely to the approval or recommendation of the superintendent of schools, see note 2, *supra,* and do not recognize the prior approval rights of the principal of the school to which transfer is sought are inconsistent with the ERA. Accordingly, the arbitral awards before us, based as they are on the substantive transfer provisions of that agreement, must be vacated as beyond the authority of the arbitrators. See *School Comm. of Natick* v. *Education Assn. of Natick,* 423 Mass. 34, 39-41 (1996) (collective bargaining agreement relating to a statutorily created nondelegable managerial right is unenforceable). Any evidence in the arbitral proceeding that the principals of the schools in issue may have been informally included in the approval process neither established compliance with the ERA nor supports enforcement of the transfer provisions of the collective bargaining agreement.

This decision is not to be interpreted as invalidating collective bargaining provisions that establish procedures for applying for transfers and filling vacancies that do not encroach upon the powers to approve or disapprove reserved to principals and superintendents by G. L. c. 71, § 59B. Compare *Bradley* v. *School Comm. of Boston,* 373 Mass. 53, 58 (1977); *School Comm. of W. Springfield* v. *Korbut,* 373 Mass. 788, 795-796 (1977); *School Comm. of New Bedford* v. *New Bedford Educators Assn.,* 9 Mass. App. Ct. 793, 798 (1980); *School Comm. of Lowell* v. *Labor Relations Commn.,* 46 Mass. App. Ct. 921 (1999).

*Judgment affirmed.*

*Jeffrey W. Jacobsen* for the defendant.
*Daniel B. Kulak,* Assistant City Solicitor, for the plaintiff.